KNICKERBOCKER TRUST COMPANY v. O'ROURKE ENGI-
NEERING CONSTRUCTION COMPANY.

Argued June 11, 1906—Decided November 12, 1906.

The property attached consisted of machinery and materials to be used in the construction of a tunnel for a railroad company under the Hudson river, according to the terms of a contract between the construction company and the railroad company. Certain provisions in the contract provide for the advancement by the railroad company of part of the costs of the plant; prescribe that as soon as the contractor has put any of the property, plant or materials upon ground owned or occupied by the railroad company such property shall become the property absolutely of the railroad company and so remain until some time after the completion of the work, when, upon the certificate of the railroad engineer, such property as is covered by such certificate shall be delivered and given to the contractor. There is also a provision that the contractor shall not be entitled to a final payment so long as there is any outside lien upon the property. *Held,* that the construction company has an attachable interest in the working plant, and also in the material purchased by it, subject to the contract right of the railroad to have the plant used for the execution of the contract, and the further right to have the material put into the tunnel where it belongs and thereby made a fixture and released from any lien of the writ. *Held, also,* that the attachable interest exists whether the present right of possession of the railroad be regarded as that of a chattel mortgage to secure payment of advances to the contractor or whether the provisions of the contract are intended to prevent interference during the work by outside creditors or are to be considered as an attempt to defeat creditors altogether.

On *certiorari* to the Hudson County Circuit Court bringing up an order refusing to release from the lien of an attachment certain property attached under the writ.

The order was made by his honor Charles J. Parker, a judge of said court, who decided the same in an opinion, in substance, as follows:

"On examination of the papers in this case and of the authorities cited by counsel and some others, I am fairly well satisfied that for the most part the property covered by the inventory under the writ of attachment as first executed should not be entirely discharged from the writ. The property consists of machinery and of materials to be used in the construction of a tunnel under the Hudson river for the Pennsylvania, New Jersey and New York railroad, under a contract with that company by the defendants. Certain provisions in that contract, which is in writing and very voluminous, provide for the advancement by the railroad company of part of the cost of the plant; prescribe that as soon as the contractor has put any of the property, plant or material upon the ground owned or occupied by the railroad company, such property shall become the property, absolutely, of said railroad company, and so remain until some time after the completion of the work, when upon the certificate of the railroad engineer such property as is covered by such certificate shall be delivered and 'given' to the contractor. There is also a provision that the contractor shall not be entitled to a final payment so long as there is any outside lien upon the property. There are other provisions to which counsel for the construction company has called attention which it is deemed unnecessary to recite here. I think, notwithstanding all these provisions, that the construction company has an attachable interest in the working plant, and also in the material purchased by it, subject to the contract rights of the railroad to have the plant used for the execution of the contract, and the further right of the railroad to have the material put in the tunnel where it belongs, and thereby made a fixture and released from any lien of the writ. This attachable interest exists whether the present right of possession of the railroad

be regarded as that of a chattel mortgage to secure payment of advances made to the contractor, as was the case in *Long Dock Co.* v. *Mallery,* 1 *Beas.* 93, 431, or in *Fox* v. *Cronan,* 18 *Vroom* 493, or whether the provisions of the contract are intended to prevent interference during the work by outside creditors, or are to be considered as an attempt to defeat creditors altogether, in either of which last two cases I think the right to attach the right, title and interest of the construction company is clear.

"But under ruling in *Fox* v. *Cronan,* I think the railroad company is protected from interference by attachment with its right to control possessions of the property until the contract is performed. So far as relates to movable property forming part of the plant, or buildings temporarily erected for storage or protection of machinery, &c., they will remain in the possession of the railroad for the purpose of building the tunnel, and when the work under the contract is complete it would seem that the attaching creditor will have a right to be heard on the question whether the final certificate of the engineer as to the disposition of this property is made in good faith. *Chism* v. *Schipper,* 22 *Vroom* 1. Whether such a creditor will have to seek the aid of a court of equity at that time need not be discussed now. As to the material, such as castings intended for the building of the tubes, which will be permanently installed as part of the tunnel itself, it seems to me that the contract protects all such property now on the ground, assuming it to be covered by the terms of the thirty-second clause, to the extent of justifying the contractors in putting it into the tunnel and turning it into real estate of the railroad free from attachment.

"The rule to show cause will be discharged."

Before Justices FORT, GARRETSON and REED.

For the plaintiff in attachment, *Collins & Corbin.*

For the defendant in attachment, *Vredenburgh, Wall & Van Winkle.*

PER CURIAM.

The order of the Circuit Court in this case is affirmed, for the reasons given by the learned Circuit Court judge, the substance of whose opinion we have placed at the head of this memorandum.

The plaintiff in attachment is entitled to costs.